IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JEFFREY C. BRUTEYN,**

              **Petitioner,**

      **v.**                                                           CASE NO. 12-3187-RDR

**CLAUDE MAYE,**

              **Respondent.**


**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se seeking a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record, the court denies the petition.

Petitioner claims he was denied his constitutional right to due process in a prison disciplinary proceeding in which he was found guilty of violating Code 297A, Attempted Use of the Telephone for Abuses other than Criminal Activity. The sanction imposed included the loss of 27 days of good time credit, which petitioner wants restored.

Petitioner was charged with having another inmate (C.R.) contact petitioner's paralegal (Ms. B) to tell her to arrange a legal call with petitioner whose phone and email privileges had been restricted at the time due to previously imposed disciplinary sanctions. Petitioner's Case Manager wrote Incident Reports against both C.R.

and petitioner, charging petitioner with attempting to circumvent the telephone monitoring system by attempting to set up an unmonitored legal call with Ms. B, who had been identified on petitioner's visiting list as his significant other.

Following an investigation, petitioner appeared before a Disciplinary Hearing Officer (DHO) and denied the charge. Petitioner said that Ms. B was his paralegal and not his girlfriend, that he did not ask C.R. to email Ms. B, and that C.R. had contacted Ms. B on his own. The DHO considered the documentary evidence presented, including the Incident Report and investigation, and found petitioner had committed the prohibited act as charged.

Petitioner now seeks return of the forfeited 27 days of earned good time credit, and his record cleared of this disciplinary action. Petitioner contends his Case Manager acted in malice and retaliation, and points to the fact that his request for a legal call to Ms. B was subsequently approved by the Warden.

*No Exhaustion of Administrative Remedies*

Respondents first contend the petition should be dismissed because petitioner failed to fully and properly exhaust available administrative remedies. The court agrees.

It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the Bureau of Prisons (BOP) and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir.1986); *Brice v. Day*, 605 F.2d 664 (10th Cir.1979). In order to have fully exhausted available administrative remedies, petitioner must have

pursued full administrative review[1] of the same claims presented in his federal habeas corpus petition.

Here, petitioner pursued administrative review of his disciplinary proceeding by filing a regional administrative remedy appeal to the South Central Regional Office, which was denied. Petitioner's subsequent appeal to the Central office was returned with direction that petitioner resubmit within 15 days (by May 26, 2012) and provide the required paperwork. Petitioner failed to do so.

Instead, petitioner provides the court with a copy of a cover letter from the Federal Inmate Advocates dated June 8, 2012, and one page of an administrative remedy resubmission dated June 8, 2012, signed by Timothy Walker on behalf of Jeffrey Bruteyn. Petitioner makes no persuasive showing, however, that this out of time response submitted and signed by an outside party was or should have been considered for administrative review by the Central Office.

To the extent petitioner contends remedies have been exhausted because no timely option for further administrative review exists, petitioner essentially acknowledges his failure to properly present his claims for full administrative review. *See Woodward v. Ngo*, 548 U.S. 81, 93 (2006); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The court finds no persuasive showing has been made to excuse this

---

[1] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. *Id.* No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. *Id.* For certain disciplinary matters involving a DHO decision, the inmate can file his initial submission to the Regional Director in the region where the inmate is incarcerated.

procedural fault which bars federal habeas review of petitioner's claims. *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir.2007)(to excuse procedural default a habeas petitioner can "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice'")(quoting *Coleman*, 501 U.S. at 750)); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3rd Cir.1996)(procedural default doctrine applies to § 2241 by federal prisoner alleging deprivation of rights in prison discipline). Accordingly, the court finds the petition should be dismissed with prejudice because petitioner's claims are unexhausted and procedurally barred.

*No Denial of Due Process in Petitioner's Prison Discipline*

Even if the merits of petitioner's claims were to be considered, petitioner would not be entitled to habeas relief under § 2241.

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks omitted). But because "[p]rison disciplinary proceedings are not part of a criminal prosecution, ... the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

4

goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)(citing *Wolff*, 418 U.S. at 563-67). Additionally, there must be some evidence to support the disciplinary conviction. *Id.; Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56; *see also Mitchell,* 80 F.3d at 1445 (citing *Hill* ). The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell,* 80 F.3d at 1445 (citing *Hill,* 472 U.S. at 457).

In this case, petitioner's arguments focus on the weight and accuracy of the evidence supporting his disciplinary conviction. This court, however, does not reweigh evidence or redetermine credibility. Notwithstanding petitioner's broad denials of staff misconduct, his insistence that Ms. B is his paralegal "representing him" in other litigation efforts, and his claims that his Case Manager acted in bad faith in filing the Incident Report and in retaliation afterwards, the court finds the record adequately documents that the "some evidence" constitutional standard was met in this instance. *See Mitchell*, 80 F.3d at 1445 (written statement that inmate was found guilty on the basis of officer's report satisfied *Wolff*). The fact

that petitioner subsequently obtained the Warden's approval for a legal call between petitioner and Ms. B is irrelevant to whether petitioner, as charged, tried to avoid previous disciplinary restrictions by having another inmate contact Ms. B.[2] Petitioner bears the burden of showing constitutional error entitling him to relief under § 2241, and has failed to do so.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed and all relief is denied.

DATED: This 29th day of July 2013, at Topeka, Kansas.

                                 s/ Richard D. Rogers
                                 RICHARD D. ROGERS
                                 United States District Judge

---

[2] Likewise, petitioner's challenges to the accuracy and/or validity of respondents' recitation of petitioner's convictions and previous disciplinary offenses is also irrelevant to the resolution of petitioner's habeas action.